## JOHN BALDWIN vs. RUPERT.

Bennington,
February,
1836. If an overseer of the poor, in binding out to apprenticeship a child chargeable to the town, covenant that such child shall faithfully serve out the term, the town is not liable for the breach of such contract.

This was an action of covenant broken. The declaration in substance alleged that on the 18th of January, 1825, by a certain deed of indenture of apprenticeship, made by Thomas Sheldon and Seth Moore, overseers of the poor of Rupert, on the one part, and the plaintiff of the other, signed, sealed, &c.—the said overseers did apprentice to the plaintiff, one A—— L——, a poor boy, then chargeable to said town, of nine years of age, to serve and dwell with the plaintiff until he should attain the age of twenty-one years; during all which time it was covenanted and agreed, on behalf of said town, that said A—— L—— should faithfully serve the plaintiff; to which covenant the said overseers, by the authority in them vested, did bind said town.—That said A—— L—— entered upon said service, but afterwards, in January, 1833, without cause, departed the plaintiff's service, and has ever since remained absent, to the plaintiff's damage, &c.

To this the defendant pleaded, first, *Non est factum*—second, after oyer of said indenture, performance on the part of the defendant. Issue.

On the trial in the county court, the plaintiff showed that the overseers executed said indenture, and said A—— L—— entered on said service, and left the same as alleged, but showed no other authority in the overseers than such as the statute created.

BENNINGTON,
*February*,
1836.
———
Belden
*vs.*
Rupert.

The court decided that the plaintiff was not entitled to recover, and rendered judgment for the defendant; to which the plaintiff excepted, and the cause passed to this court.

*Bennett for the plaintiff.*—The question in this case is, whether the town of Rupert are bound by the covenants in the indenture executed by the overseers of the poor. We contend they are.

1. By the 2d section of the act relating to a legal settlement and support of the poor, (page 370,) every town is bound to support and maintain their own poor: And by the same section it is made the duty of the overseers of the poor to relieve, support and maintain them. But on whose account and at whose charge?— Most certainly the town. The overseers in this, act as the agents of the town.

2. By the 18th section, (page 377,) the overseers of the poor are empowered to set at work all such children as are chargeable to such town, in the work-house or elsewhere, or bind them apprentices, as they shall think best. But on whose account are they to be set at work? and at whose expense? and on whose account are the overseers to bind them out? Most clearly the overseers act in behalf of the town, and as their agents in this business.

The overseers of the poor in this business, do not act as the agents af the law, as is said by Judge Swift in his Digest, (page 62.) The fact is simply this:—the agency is created by the law; and when the overseers act, they act as the agents of the corporation, and in their behalf. As well might you say, the overseers, in supporting and relieving the poor, and in setting them at work in the town's work-house, act as the agents of the law, and not of the town.

3. We think the overseers are empowered by the *act itself* to bind out such children as are chargeable to the town, for and in behalf of the town, and as the legally constituted agents thereof, and if so, it would follow that the town is responsible on its covenants. The act itself declares, " such binding shall be good and effectual in law to all intents and purposes.

*Smith for the defendant.*—It is very apparent the town is not liable to the plaintiff for the desertion of the apprentice. In binding out poor children, the overseers are the agents, not of the town,

Bennington,
February,
1836.
Belden
vs.
Rupert.
but of the laws. They are empowered by the statute to bind the apprentice and not the town, and of course can insert no covenant on the part of the town.—Stat. Ch. 47, No. 1, Sec. 18—1 Swift. Dig. 62. In this case there is no covenant to be found in the indenture, making either the overseers or the town responsible for any act of the apprentice.

The opinion of the court was delivered by

COLLAMER, J.—It has been uniformly and repeatedly decided that the general provision in the statute that each town shall provide for its own poor, &c., creates no liability. The statute proceeds to particulars, and provides the cases and the manner in which liability arises, exists, and is to be enforced. To these cases is liability confined, or to express and special contracts made, by the towns or their agents thereto fully authorized.

In this case, it is indeed alleged that the overseers made this covenant for the town, by authority; but on trial, no authority was shown but such as arose by law out of their holding the office. It is true that the overseers had, by the statute, authority to bind out the apprentice, and undoubtedly such act is binding on all concerned, including the town, so far as to create the relationship of master and apprentice. When the law confers this power on the overseers, it confers with it all the power *necessary* to carry that into effect, and no more. But it is not necessary or incident to the power of binding an apprentice that covenants for fidelity in the apprentice must be added. The exercise of such a power without limitation or control, would be of dangerous tendency : Hence it was not given by enactment, and should not be by construction.

Judgment affirmed.